# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR JOHNSON : 
    *Plaintiff* : 
 : 
v. :    CIVIL ACTION NO. 19-1490 
 : 
CRIMINAL JUSTICE CENTER, *et al.*, : 
    *Defendants* : 

# M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                            **APRIL 18, 2019**

      *Pro se* Plaintiff Omar Johnson, a prisoner confined at SCI Greene, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *In Forma Pauperis*. Because it appears that Johnson is unable to afford to pay the filing fee, he is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the reasons set forth, his Complaint is dismissed

**I.**      **FACTS**

      Johnson asserts that on January 4, 2019, he was being transported in a Sheriff's van by Defendant Rehill. (ECF No. 2 at 8.)[1] He was shackled at his wrists and ankles. (*Id.*) To enter the van as directed to do so by Rehill, Johnson stepped onto a crate and then attempted to step one foot into the van. (*Id.*) However, the crate crumpled while Johnson was on it, causing him to fall hard onto the ground. (*Id.*) Rehill asked him if he was okay and Johnson replied that his leg was in pain and he could not move it. (*Id.*) Johnson was transported to Hahnemann University Hospital where he was diagnosed with an abrasion and contusion of the right leg and a right ankle sprain. (*Id.* at 10.) The hospital discharge summary instructed that Johnson to apply ice to the area 2-3

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.

times a day, and he was prescribed ibuprofen. (*Id.*) Johnson alleges that the Defendants violated his Fourteenth Amendment equal protection and due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 8.) Specifically, he contends that he should have received either a wheelchair or a stretcher after his fall because, at the time, Defendants did not know if he was medically cleared to walk and this constituted wanton infliction of unnecessary pain and emotional distress. (*Id.* at 9.) Johnson also asserts that he was discriminated against on the basis of either his age, race or religion. (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Consistent with 28 U.S.C. § 1915(e)(2)(B), this Court is required to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment protects individuals from "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Accordingly, prison officials must "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment claim, a plaintiff must show that the defendants were deliberately indifferent to a substantial risk of serious harm. *See id*. at 828; *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 258 (3d Cir. 2010) ("Life is fraught with risk of serious harm," so an Eighth Amendment violation may be predicated only on exposure to a "substantial" risk of harm).

"In the Eighth Amendment context, deliberate indifference is a subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016) (internal quotation marks omitted). "[A] defendant prison official must both know of and disregard an excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2011) (internal quotation marks omitted). A plaintiff may establish deliberate indifference by showing that the risk of harm was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" so that they "must have known" about the risk. *Farmer*, 511 U.S. at 842-43.

To establish that there was a substantial risk of harm, a plaintiff must allege that: (1) the injury he sustained was serious; (2) there was a sufficient likelihood that his injury would result from the conditions that caused it; and (3) the risks associated with the existing conditions violate

3

contemporary standards of decency. *See Betts*, 621 F.3d at 257. In cases where a sufficient likelihood of serious harm has been found, "prisoners were subjected to horrible conditions of filth, undernourishment, exposure, and the like." *Batton v. State Gov't of N.C., Exec. Branch*, 501 F. Supp. 1173, 1179 (E.D.N.C. 1980). In deciding whether a risk violates contemporary standards of decency, the Court must determine whether the risk is so grave that society refuses to tolerate it. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Betts*, 621 F.3d at 258; *see, e.g., Wilkins*, 559 U.S. at 37 (2010) (prison official sadistically and maliciously punching, kicking, and choking prisoner); *Farmer*, 511 U.S. at 833 (allowing prisoner to be raped and beaten); *Estelle v. Gamble*, 429 U.S. 97, 104 (refusing to treat a prisoner's serious medical needs).

Johnson's claim falls far short of this threshold. First, his injury was not serious. He sustained a bruise and ankle sprain requiring no more treatment than ice and ibuprofen. Having a prisoner use a crate to step into a van does not strike the Court as reckless or sufficiently likely to cause an injury. The fact that the crate crumpled while Johnson was using it is not alone sufficient to meet the deliberate indifference standard. Rather, it was an unfortunate accident or, at most, negligence. Finally, using a crate as a step does not violate contemporary standards of decency similar to situations cited from the caselaw.

Likewise, Johnson cannot show a substantive due process violation under the Fourteenth Amendment. "A violation of the Fourteenth Amendment right to substantive due process may be shown by a government actor's conduct that 'shocks the conscience.'" *Robinson v. Hicks*, 450 F. App'x. 168, 174-75 (3d Cir. 2011) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)). "Negligent conduct falls beneath this constitutional due process threshold." *Id.* at 174

4

(quoting *Lewis*, 523 U.S. at 846-47). Using a crate as a step does not rise to the level of conscience shocking behavior.[2]

Finally, the Equal Protection claim is also not plausible since the claim consists of only a conclusory allegation. Because there is no allegation that Johnson was treated any differently from another person in a similar situation or that he was discriminated against on an impermissible basis, the Equal Protection claim is dismissed. *See Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003) (stating that to prevail on an Equal Protection claim, the burden rests with the plaintiff to present evidence that he has been treated differently from persons who are similarly situated).[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint. However, his claim falls far short of the constitutional standard and alleges, at most, only negligence. Consequently, this Court finds no reason to grant leave to file an amended complaint. An appropriate Order follows.

---

[2] "Noting its 'reluctan[ce] to expand the concept of substantive due process,' the Supreme Court has established the 'more-specific-provision rule.'" *Betts*, 621 F.3d at 260 (quoting *Lewis*, 523 U.S. at 843-44). A court should not address a substantive due process claim if another Constitutional provision provides an explicit source of protection against the misconduct alleged. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Betts*, 621 F.3d at 256-60. Since the Eighth Amendment claim is based upon a more specific provision, a substantive due process claim fails for this additional reason.

[3] In addition to the other defects identified, Johnson has named as a Defendant the Criminal Justice Center. The Criminal Justice Center "is not a legal entity susceptible to suit," but is instead a courthouse. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004) ); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). To the extent that Johnson intended to sue the First Judicial District that is housed in the Criminal Justice Center, that claim is also defective since First Judicial District, as part of the Commonwealth's unified judicial system, is a Pennsylvania entity that is entitled to Eleventh Amendment Immunity. *See Benn v. First Judicial Dist.*, 426 F.3d 233, 241 (3d Cir. 2005).